NO. 07-03-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 15, 2003

_____

ANTONIO D. SCOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 260TH DISTRICT COURT OF ORANGE COUNTY;

NO. D990468-R; HONORABLE BUDDIE J. HAHN, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION

Appellant Antonio D. Scott appeals from revocation of his probation and sentence of six years incarceration. We affirm.

In August, 1999, appellant Antonio D. Scott pled guilty to aggravated assault. In October, 1999, he was sentenced to 10 years incarceration, probated for 10 years. In May, 2002, the State filed a motion to revoke probation. In September, 2002, appellant pled true

to all allegations in the State's motion. The hearing was recessed until October, 2002, at which time the trial court took evidence as to punishment. Appellant was the only witness to testify. The trial court sentenced appellant to six years incarceration.

Appellant appeals via one issue. He urges that he did not receive effective assistance of counsel to which he was entitled under the Sixth Amendment to the United States Constitution at his October, 2002, punishment hearing. The allegation is based upon his claim that his counsel did not properly investigate his case to discover and present mitigation evidence at the hearing.

The State urges that the record does not reflect appellant's counsel performed in any manner but as effective counsel. Because the burden is on appellant to show in the record where his counsel was ineffective, and appellant has not done so, the State urges that we affirm the judgment.

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 690 104 S.Ct. at 2065. The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). The defendant must first prove that counsel's performance was deficient, *i.e.*, that counsel's assistance fell

below an objective standard of reasonableness. Id. If appellant has demonstrated deficient assistance of counsel, it is then necessary that appellant affirmatively prove prejudice as a result of the deficient assistance. Id. In proving prejudice, appellant must prove a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. See Hernandez, 726 S.W.2d at 56-57.

Any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id.

Just as a criminal defendant is entitled to an opportunity to explain himself and present evidence on his behalf, defense counsel should also ordinarily be accorded an opportunity to explain his or her actions before being labeled as unprofessional, incompetent or ineffective. A record without (1) objective facts to support a conclusion of lack of confidence in the results of the proceeding, or (2) a specific demonstration of prejudice will not support a finding of ineffective assistance of counsel. See Bone v. State, 77 S.W.3d 828, 836-37 (Tex.Crim.App. 2002). We are not to reverse for counsel's failure to investigate unless the consequence of the failure to investigate "is that the only viable defense available to the accused is not advanced . . . [and] there is a reasonable probability that, but for counsel's [failure to advance the defense], the result of the proceeding would have been different." See McFarland, 928 S.W.2d at 501.

3

Appellant points to no record evidence to support his claim of ineffectiveness. He offers no proof that counsel failed to investigate. He does not claim evidence exists which was available to discover, even if we were to speculate that counsel did not investigate. He does not point out how some such evidence, even if it existed, would have probably caused a different result.

We will not speculate that counsel failed to investigate. Nor will we speculate that evidence existed which would have been relevant to appellant's punishment hearing. See Bone, 77 S.W.3d at 836-37.

Appellant has failed to make the required showing of either deficient performance or sufficient prejudice. See McFarland, 928 S.W.2d at 500.

Appellant's sole issue is overruled. The judgment is affirmed.


Phil Johnson
Chief Justice


Do not publish.


4